CASE 15—INSURANCE CO.—MAY 5, 1884.

## Sherman v. The Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. The '' act for the incorporation and regulation of life insurance '' is constitutional.
2. The subject of the act is not in any way inconsistent with the title.
3. Benevolence and charity are not the sole mission of the '' Mutual Reserve Fund Life Association of New York.'' It has all the elements of an insurance company, and its agents must either procure license or suffer a fine.

W. P. D. BUSH AND JOHN B. BASKIN FOR APPELLANT.

1. The '' act for the incorporation and regulation of life insurance companies '' is unconstitutional. The act relates to more than one subject, and the title does not express its object.
2. This association, viz.: '' The Mutual Reserve Fund Life Association of New York,'' is not a life insurance company, and its agents, therefore, are not bound to procure a license.
3. The association is by the act of the General Assembly, approved March 6, 1876, exempted from the operation of the general life insurance

laws of this Commonwealth. 14 Ind., 259; 24 *Ib.*, 296; 34 Texas,. 49; 14 Minn., 525; 15 C. B., 365; 3 Mirrivals, 17; 4 Otto, 462;. The People v. The Mut. C. & A. A., of Bath, N. Y.; 94 Pa. St., 481; 26 Ohio, 19; 9 Vesey., 399; 9 Ith., 173.

P. W. HARDIN, ATTORNEY GENERAL, AND L. C. NORMAN FOR. APPELLEE.

1. The Mutual Reserve Fund Life Association, of New York, instead of being purely a benevolent and charitable association, contains every requisite of a life insurance company. An examination of its charter, by-laws, and constitution, together with the form of policy adopted by it, clearly establishes the proposition.

2. The act for the incorporation and regulation of life insurance companies. is constitutional. It relates to but one subject, and that is. life insurance.

3. Insurance Laws Ky., secs. 37, 38, 42; Bliss on Insurance, vol. 4, Marshall on Insurance, vol. 1, folio 1; Selden, N. Y. Rep., 228; 105 Mass., 149; 160 Bolton; 73 Maine; 6 Mo. App. Rep., 163; 23 Kansas, 499; Paul v. State of Virginia, 8 Wall Phillips; Cin. Bridge Co., 2 Met., 221.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The constitutionality of "an act for the incorporation and regulation of life insurance companies," is questioned on the ground that it is in conflict with that provision of the Constitution which declares that "no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in its title."

The subject of the act is life insurance, and the incorporation and regulation of companies of that kind naturally relate to the subject. Those terms are not foreign to the subject, and the act refers wholly to life insurance, hence it is not unconstitutional.

By an act to "exempt certain benevolent and charitable associations from the operation of the general life insurance laws of the Commonwealth," approved March 6, 1876, it is provided: "That all Masonic orders, Odd Fellows associations, and all lodges of the

Ancient Order of United Workmen, Knights of Honor, and all other associations of persons incorporated for the sole purpose of mutual protection and relief of its members, and for the payment of stipulated sums of money to the families or heirs of deceased members, are hereby declared not to be life insurance companies in the sense and meaning of the general life insurance laws of this State, and they are, and shall forever be, exempt from the provisions of said general insurance laws," and the question is, whether the "Mutual Reserve Fund Life Association," of New York, is a life insurance company in the meaning of said act. It is incorporated under an act of the New York Legislature, entitled "An act for the incorporation of societies and clubs for certain lawful purposes," and the acts amendatory thereto.

The certificate of incorporation declares that it is to be known as a life association, and that the particular business and object of such society is "the mutual benefit of ourselves, and all others who may become members." The association is authorized to adopt a constitution and by-laws which has been done, and by which the board of directors have power to fix the amount and rate of assessments, fees and dues, and appoint an executive committee, who shall determine all salaries and expenses. A death fund and reserve fund are features of the corporation. Through the powers of incorporation and the exercise of authority to adopt a constitution and by-laws, the most extensive life insurance business can be carried on, and if the annual report of the association be genuine and truthful and not a mere advertising of the asserted virtues

of this mode of insuring, the annual business for 1882 resulted in the issuance of 6,892 certificates of membership, amounting to $30,105,250, the payment of $77,927.52 as commissions to agents, and of nearly as much more in *expenses*, while less than $34,250 were paid for losses and claims.

These facts, reasoning from effect back to cause, demonstrate that this association is in substance and purpose a life insurance company, no matter what else it may be named or called. If any doubt about this should exist, the form of application and certificate of membership will dispel it. The application requires answers to all the questions as to age, birth, health, family history, personal history, habits, diseases, former assurance of the applicant, &c., as minutely and strictly as the best conducted insurance companies exact. The certificate of membership is filled with the usual conditions of ordinary policies, and closes as follows : ·" This certificate is issued and accepted subject to the express condition, that if any of the payments above stipulated shall not be paid when due, at the office of the association in the city of New York, or to an agent of the association furnished with a receipt signed by its president or secretary ; or if the member during the continuance of this certificate shall engage in blasting, mining, submarine or aeronautic operations, or the production of highly inflamable or explosive substances, or upon a railroad as brakeman or baggageman, or as conductor of a freight train ; or in working or managing a steam engine in any capacity ; or shall engage in service upon a sailing vessel, or shall enter any military or naval service whatsoever (the militia

when not in actual service excepted) without the consent of this association therefor, in either of the foregoing cases, given in writing by the president or secretary thereof; or if the member shall die by his own hand, within two years from the date of this certificate, whether sane or insane; or if any of the statements, answers, or declarations made in the application for this certificate, which application is hereby referred to and made a part hereof, are in any respect untrue; then, and in each and every such case, this certificate shall be null and void, and all payments made thereon shall be forfeited to the association." The application stipulates that if the applicant "shall omit or neglect to make any payment as required by the conditions of such certificate, then the certificate to be issued hereon shall be null and void, and all money paid thereon shall be forfeited to said association."

The elastic provisions of the certificate of incorporation tested by its constitution and by-laws, the terms of the application and certificate of membership clearly show that this association was not incorporated or formed, nor has it been operated for "*the sole purpose* of mutual protection and relief of its members," &c.

It is an insurance company, attempting to assume the sacred name and purpose of a benevolent and charitable association. The distribution of profits is disguised by designating them payment of salaries, fees, and expenses, which appear to be enormous in view of the payment of losses reported. We are, therefore, satisfied that benevolence and charity are not the sole mission of the Mutual Reserve Fund Life Association of New York.

The judgment assessing a fine against appellant for doing business as its agent in this State without license is consequently affirmed.