THE STATE, *Appellant*, v. BELEW.

1.  **Pleading, Criminal**: DEMURRER. A demurrer to an indictment "because there is no offense charged in the indictment," is sufficiently specific under section 1818, Revised Statutes.

    A demurrer "because the indictment is an absurdity on its face," *Held*, to be frivolous, and should be disregarded.

2.  ———: PERJURY. An indictment for perjury committed on a trial of the right of property before a constable, examined and *held* sufficient.

3.  ———: ———. In such an indictment it is not necessary to set out the special facts which gave the constable jurisdiction. It is enough to allege that he had competent authority to try the case and administer the oath.

*Appeal from Howell Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED.

*D. H. McIntyre*, Attorney General, for the State.

*A. H. Livingston* for respondent.

PHILIPS, C.—The defendant, W. L. Belew, was indicted in the Howell circuit court for perjury. On arraignment he filed motion to quash, assigning as grounds thereof: 1st, Because there is no offense charged in the indictment; 2nd, Because the court is not informed in what issue or trial the alleged perjury was committed; 3rd, Because the indictment is an absurdity on its face. The court sustained the motion and quashed the indictment. The State appeals from this judgment.

It is argued by the Attorney General for the State that the first and third grounds of the motion should have been disregarded by the court below, for the reason that section 1818, Revised Statutes 1879, declares that: "A demurrer or motion to quash an indictment shall distinctly specify the grounds of objection to the indictment; unless it does so, it shall be disregarded, nor shall any reason be held to sustain such demurrer or motion not specified therein." Under the decisions of this court, as late as the case of State v. Poston, 63 Mo. 522, the first and third grounds of objection would have been insufficient, and would have been disregarded by this court. But in the case of the State v. Weeks, 77 Mo. 496, the former rulings of the court were so far overruled as to hold that the ground assigned in the first objection is sufficiently specific to raise the question as to whether the indictment does charge any offense. In this particular it is like a demurrer to a petition in a civil action stating simply that the petition does not state facts sufficient to constitute a cause of action.

*1. PLEADING, CRIMINAL: demurrer.*

The third ground, that the indictment is absurd, of course is frivolous and should be disregarded.

We are unable, on an examination of this indictment, to discover its invalidity. The counsel for defendant has filed neither brief nor made any argument. We cannot conjecture his special objection. The indictment substantially, and with all needful particularity, charges that on the 2nd day of August, 1879, at the county of Howell, etc., before one W. T. Padgett, the acting and qualified constable of that township, named, having full and competent authority in the premises, a certain issue came on to be heard and tried respecting the right to certain personal property levied on by said constable as the property of said W. L. Belew, and which was claimed by one Joseph Belew, and that, on the trial of said issue had before a jury duly sworn, etc., the defendant appeared as a witness to testify, the parties to said cause being said Joseph

*2. ———; perjury.*

Belew, claimant of said property, and E. D. Day as defendant; that defendant was duly sworn in said cause on behalf of said claimant, the oath being administered to him by said constable, having competent authority therefor, the said oath so administered being that the evidence which he would give to the said jury touching the matter then in question between the said parties, should be the truth, the whole truth and nothing but the truth; and that upon the trial of said issue it became and was a material question whether the property in question was the property of Joseph Belew or of W. L. Belew. The indictment then sets out with clearness what he swore, with proper averments that it was willfully corrupt, false and felonious, followed by the requisite averments negativing the truth of the matters thus sworn to, and concluding with the formal allegation that the defendant so feloniously committed willful and corrupt perjury against the peace and dignity of the State.

By the statute then in force, (Sess. Acts 1870, p. 47, § 1,) the constable was authorized to try the right of property between the parties in the manner stated in the indictment. He was also authorized to administer oaths to witnesses in the trial of such issues. It was not necessary to set out the special facts that gave jurisdiction to the constable to try this issue. It is enough to charge that he had competent authority to try the case and to administer the oath. *People v. Phelps,* 5 Wend. 9. The statute, (2 Wag. Stat., p. 1091, § 27,) only requires that there should be "sufficient matter alleged to indicate the crime and person charged." This indictment contains the substance of the offense with the circumstances detailed, important to render it intelligible and to inform the defendant of the specific charge against him. This is all the law requires, and is all an honest defendant should exact.

The judgment of the circuit court is, therefore, reversed and the cause remanded, with directions to overrule

the motion to quash and proceed with the trial of the case. EWING, C., concurs; MARTIN, C., absent.