## BRADY v. UNITED LIFE INS. ASS'N.

(Circuit Court of Appeals, Second Circuit.  February 27, 1894.)

### No. 68.

INSURANCE—CONDITIONS OF POLICY—BREACH.

An application for life insurance, which was agreed to be a part of the contract, warranted the answers of the assured to questions asked therein to be "full, true, and complete," and the policy was conditioned to be void if they were not so. One of the questions demanded the name and address of each physician who had attended the assured within a given period; and the answer gave the name and address of a single physician. As a matter of fact three physicians had attended the assured within the period named. *Held,* that the answer was untrue and, being a breach of the warranty, vitiated the policy and destroyed the right to recover thereunder.

Error to the Circuit Court of the United States for the District of Connecticut.

Action by Mary Brady against the United Life Insurance Association.   The trial court directed a verdict for defendant, and plaintiff brings error.   Judgment affirmed.

E. F. Cole, for plaintiff in error.

Geo. E. Terry, (Harry Wilber, of counsel,) for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge.   The assignments of error impugn the ruling of the trial judge in instructing the jury to find a verdict for the defendant.   If the trial judge correctly instructed the jury to render a verdict for the defendant, upon the ground that there was a warranty by the assured of the truth of the answers made in his application for insurance, and upon the uncontradicted evidence one of the answers was untrue when made, it is unnecessary to consider whether the truth of other representations was, upon the evidence, a question of fact for the jury. The policy was issued October 2, 1891, upon the application of Michael Sinnott, made a few days earlier, and insured his life. It recites that the insurance was made "in consideration of the answers, statements, and agreements contained in the application,

which are hereby made a part of this contract." The application commences with the following recital:

"I, Michael Sinnott, residing at Waterbury, county of New Haven, and state of Connecticut, do hereby make application to the United Life Insurance Association for membership and a policy of insurance upon my life. and, as a consideration therefor, I warrant the statements and answers as written in said application to be full, complete, and true."

It contained, among others, the following inquiries and answers:

Q. "Has the applicant ever had any illness, local disease, injury, mental or nervous disease or infirmity? If yes, state nature, date, duration, and severity of attack." A. "About one year ago lost appetite for short time, but has had no trouble since." Q. "How long since you consulted, or were attended, by a physician?" A. "About a year ago." Q. "State name and address of such physician." A. "J. F. Hayes, M. D." Q. "For what disease or ailment?" A. "Indigestion." Q. "Give name and address of each physician who has prescribed for or attended you within past five years, and for what disease or ailments, and date." A. "J. F. Hayes, M. D., Waterbury, Conn."

It concludes as follows:

"It is hereby agreed that the answers and statements in this application, whether written by the applicant or not, are warranted to be full, complete, and true, and that this agreement, together with this application, are hereby made part of any policy that may be issued thereon, and that if any answers or statements made are not full, complete, and true, or if any condition or agreement shall not be fulfilled as required by such policy, then the policy issued hereon shall be null and void, and all money paid thereon shall be forfeited to said association."

It appeared upon the trial that Hayes was the medical examiner for the defendant who examined Sinnott at the time the insurance was applied for. He had attended Sinnott professionally within the year preceding the application. It also appeared by undisputed testimony upon the trial that in November, 1889, the assured was sufficiently ill to desire the services of a physician, and Dr. Lopez was called, and attended him professionally. He became dissatisfied with Dr. Lopez. Dr. Lopez was discharged, and on the same day another physician, Dr. Axtelle, was called, who, on that day, and on several other occasions during that and the succeeding month, visited and attended him professionally. Testimony was given tending to show that, at the time of these visits, he had heart disease, enlargement of the liver, and dropsy; but there was also testimony tending to show that he never had any serious illness. He died December 31, 1891.

It is a settled rule in the law of life insurance that answers to questions propounded by the insurers in an application for insurance, unless they are clearly shown by the form of the contract to have been intended by both parties to be warranties, to be strictly and literally complied with, are to be construed as representations, as to which substantial truth in everything material to the risk is all that is required of the applicant. By the present contract it was explicitly provided that all the answers were warranted to be full, complete, and true. Its language, unlike that of the contract which was considered in Moulor v. Insurance Co., 111 U. S. 335, 4 Sup. Ct. 466, is plain, unequiv-

ocal, and leaves no room for interpretation. It is a contract which must be enforced according to its terms, like those which were considered in Jeffries v. Insurance Co., 22 Wall. 47, and Insurance Co. v. France, 91 U. S. 510. A true answer to the inquiry as to the name and address of each physician who had attended the applicant within the past five years would have afforded the insurer a valuable source of information in regard to the previous history and physical condition of the applicant. The inquiry called for the statement of a fact within the knowledge of the applicant, and not for one which might be merely a matter of opinion, in respect to which he might be mistaken. The answer was not incomplete or imperfect, but was untrue. It permitted no other inference than that Dr. Hayes was the only physician who had prescribed for or attended the applicant during the period covered by the inquiry. If the case had been submitted to the jury upon the issue whether that answer was true, and there had been a verdict for the plaintiff, the verdict would have been so manifestly unsupported by evidence that it would have been the duty of the court, in the exercise of a sound judicial discretion, to set it aside. Consequently, the trial judge properly withdrew the case from the consideration of the jury, and directed a verdict for the defendant. North Pennsylvania R. Co. v. Commercial Nat. Bank, 123 U. S. 727, 8 Sup. Ct. 266; Railroad Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569.

The judgment is affirmed.