(24 Misc. Rep. 399.)

SILVERMAN v. EMPIRE LIFE INS. CO.

(City Court of New York, General Term. August 2, 1898.)

INSURANCE POLICY—APPLICATION.
    If an action upon a policy of life insurance, which by its terms makes the application therefor ·a part thereof, is defended upon the ground of breach of warranty in making false answers to the questions in the application, the exclusion of a part of the application, containing the questions and answers, and the signatures of the applicant to the agreement, warranty, and waiver, following same, constitutes reversible error.

Appeal from trial term.

Action by Wolf Silverman against the Empire Life Insurance Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before CONLAN and OLCOTT, JJ.

Blandy, Mooney & Shipman (Edmund Luis Mooney and F. A. Card, of counsel), for appellant.

Abraham A. Joseph (Arthur Furber, of counsel), for respondent.

OLCOTT, J. This is an appeal by the defendant from a judgment for $1,841.15 in favor of the plaintiff, entered on the verdict of the jury at a trial term of this court, and also from an order denying a motion for a new trial. The action was brought to recover the sum of $1,500 on a policy of insurance issued by the defendant on the life of one Annie Silverman, the alleged wife of the plaintiff, and payable to him in case of her death. The complaint alleged the incorporation of the defendant, the issuance of the policy (a copy of which was annexed to and made a part of the complaint), payment of the premium, the death of Annie Silverman on June 29, 1895, refusal of the defendant to deliver proofs of death on request, compliance by the plaintiff with all the terms and conditions of the policy, and refusal of defendant to pay after demand. Defendant's answer admitted the incorporation of the defendant, the issuance of a paper similar in form to the policy annexed to the complaint, the payment of the premium, application of the plaintiff for proofs of death, and nonpayment; and denied the compliance by plaintiff with all the terms and conditions of the policy, and all allegations of the complaint not expressly admitted or denied. The issues raised by this part of the answer were the death of Annie Silverman, the refusal of the defendant to deliver proofs of death, and the compliance by plaintiff with all the terms and conditions of the policy. The answer also sets up as a separate defense that the policy was issued pursuant and in reliance on a written application theretofore made by a person representing herself to be the wife of the plaintiff, which application provided that all answers and statements therein were warranted to be full, complete, and true, and that, if any untrue answer or statement were made, or any facts which should have been stated were suppressed, the policy should be null and void; that the answers and statements in said application were not full, complete, or true; that facts that should have been stated to defendant were suppressed; that all the terms and conditions of the agreement and application have not been fulfilled as required by the policy; that the person who made the application was not the wife of the plaintiff, and did not die on June 29, 1895; and that Annie Silverman, mentioned in the complaint as having died on that day, was not the person insured or intended to be. The issues thereby raised were: breach of warranties in the answers and statements in the application, suppression of material facts, and a fraudulent substitution of one person for another as the insured. The answer also sets up a second separate defense, and the issues raised by this part of the answer were breaches of warranties as to the health and condition of the applicant in the particulars specified.

On the trial, although by the policy the application was expressly

made part of the insurance contract, the court allowed plaintiff to put in evidence the policy only, without the application, against the defendant's objection. The main issue litigated was whether the person who made the application and was examined and intended to be insured was the same person who died on June 29, 1895, and on whose death the plaintiff based his right to recover, and counsel for the appellant offers a forcible argument in support of the proposition that his motion should have been granted to set aside the verdict as against the weight of evidence on this point, which, however, we refrain from passing upon in view of our opinion upon the other points raised, and because certain features of the evidence (i. e. the color of the lock of hair introduced in evidence, and the question of how far it corroborated the testimony of Dr. Bryan) could best be judged by the learned trial justice. But the other issues were also litigated, and it appears to us that there had been breaches of the warranties contained in the policy and application which avoided the policy, and precluded any recovery by the plaintiff. We think the learned court erred in not admitting the whole of the application upon which the policy in suit was founded—First, because the application is, by the express provision of the policy, made a part of itself, and the policy was received in evidence, so that to exclude the application was in fact admitting a part only of the contract sued upon, and excluding a material part thereof; and, secondly, because part 2 of the application, which was duly proved and admitted, duly identified part 1 thereof by the insured's declaration, "I am the person who signed the application on the reverse side hereof." It is true that counsel for the defendant was permitted to bring out the questions and answers contained in part 1 of the application, but in no way could he succeed, under the rulings of the court, in showing, as we think he had a right to show, that the applicant had signed the agreement, warranties, and waivers which followed the questions and answers on part 1 of the application, and which constituted the contract on behalf of the applicant. With the whole of the application in evidence, it would have followed that the complaint must have been dismissed, or a verdict directed in favor of the defendant; for part 1 of the application contained the following questions and answers:

"(10) Has any proposal to insure your life ever been postponed or declined? If so, by what company, association, or society, and for what reason? Ans. No. (11) Has any proposal or application to insure your life, or for membership, ever been made to any company, association, society, or agent, upon which a policy or certificate of membership has not been received by you in person for the full amount and kind and at rate applied for? Ans. No. (12) Has any physician given an unfavorable opinion upon your life with reference to life insurance or otherwise? If so, state particulars. Ans. Never."

And on the trial the foregoing answers were shown by uncontradicted evidence to have been false, and plaintiff so admitted. There was here such a breach of warranty as would avoid the plaintiff's claim. Studwell v. Association (Super. N. Y.) 19 N. Y. Supp. 709; Cushman v. Insurance Co., 63 N. Y. 404; Foot v. Insurance Co., 61 N. Y. 571; Clemans v. Society, 131 N. Y. 488, 30 N. E. 496; People v. Commercial Alliance Life Ins. Co., 21 App. Div. 538, 48 N. Y. Supp.

389. We think this issue was sufficiently raised by the pleadings; and, at all events, it was litigated at the trial without objection, and is now properly before us. Tarbell v. Shipping Co., 110 N. Y. 170, 181, 17 N. E. 721; Wells v. Association, 120 N. Y. 630, 24 N. E. 276. Upon the grounds above stated, we think that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial granted; costs to the appellant to abide the event.

CONLAN, J., concurs.