State v. Brown.

## STATE OF MISSOURI, Respondent, v. PETE BROWN et al., Appellants.

Springfield Court of Appeals, April 4, 1912.

1. CRIMINAL LAW: Practice: Information: Motion to Quash: Failure to Verify Information: Failure to Indorse Names of Witnesses. In a prosecution of defendants for gaming the record showed that after the cause came on for trial before the judge and a jury, both sides, having announced ready for trial, the defendants presented a motion to quash the information and for grounds alleged that the information was not verified, nor indorsed as required by section 5057, Revised Statutes 1909. The trial court, without objections from defendants, permitted the prosecuting attorney to verify the information and then overruled defendants' motion to quash. The name of the state's witness was not indorsed on the information, but no objection was made to his testifying and no continuance was requested on the grounds that defendants required a reasonable time to prepare for trial after the name of the state's witness had been disclosed. *Held*, that respondents waived any objections they might have had to the trial court's action.

2. ———: ———: Motion to Quash: Specifying Objections: Referring to Statute. A motion to quash an information alleged that the information "is not verified or indorsed as required by section 5057, Revised Statutes 1909." *Held*, that the motion sufficiently specified the objections to such information, for section 5057 requires that the information should be verified and that the name of the witnesses be indorsed thereon.

3. INFORMATION: Indorsing Name of Witness on Information. The obvious purpose of the statutory requirement that the names of witnesses for the prosecution be indorsed on the information is to enable the defendant to prepare his defense.

4. CRIMINAL LAW: Practice: Announcing Remedy for Trial: Presenting Motion to Quash Information. Where the defendants in a criminal case announced ready for trial before securing a ruling on their motion to quash the information, they must be held to have waived any objections they might have had to the trial court's action in forcing them to trial.

5. ———: Gaming: Statutory Construction: Ejusdem Generis. Section 4751, Revised Statutes 1909, makes it a criminal offense to bet any money or property upon any gaming table,

bank or device prohibited by section 4750, but also prohibits anyone to bet at or upon any other gambling device. *Held*, that under this section defendants could be convicted of gambling by means of dice and a blanket and that the statutory rule of construction known as the doctrine of *ejusdem generis* has no application to this statute.

6. **STATUTORY CONSTRUCTION: Ejusdem Generis.** The doctrine of *ejusdem generis* is only a rule of construction to aid the court in arriving at the real legislative intention and is never applied to defeat the real purpose of the statute.

7. **CRIMINAL LAW: Gaming: Sufficiency of Evidence.** Defendants were prosecuted and convicted of gaming and contend upon appeal, that the trial court should have given a peremptory instruction to the jury to find the defendants not guilty. The evidence is examined and *held* sufficient to submit the case to the jury and the verdict is sustained.

8. ————: **Questions for Jury.** In a criminal case the weight of the evidence and the credibility of the witnesses are exclusively questions for the jury.

Appeal from Dade Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*Shafer & Wetzel* for appellants.

(1) Appellants' motion to quash the information should have been sustained, for the reason that no offense prohibited by the laws of the state of Missouri was charged therein. The intention was doubtless to charge a violation of section 4751, Revised Statutes 1909. But "dice and a blanket" are not such gambling devices as are prohibited by section 4750, Revised Statutes 1909, nor are they *ejusdem generis* with those devices. State v. Bryant, 90 Mo. 534; State v. Gilmore, 98 Mo. 206; State v. Elchman, 184 Mo. 193; State v. Koock, 202 Mo. 235. (2) Appellants' motion to quash for the reason that the information was not verified and endorsed as required by section 5057, was timely, and specifically pointed out the defects of which appellants complained. The verification by

the prosecuting attorney in court was not objected to by appellants and possibly this defect was cured, but the motion should still have been sustained for failure to endorse the witnesses or the information. State v. Roy, 83 Mo. 268; State v. Griffin, 87 Mo. 608; State v. Davidson, 44 Mo. App. 513; State v. Heinze, 45 Mo. App. 403. (3) There is no evidence in the record that appellants or any of them bet any sum of money on any game, or played any game for money or bet any money on the hands or sides of any person who did play. The demurrer should have been sustained.

☞ *Edwin Freize*, Prosecuting Attorney, and *William B. Skinner*, of counsel, for respondent.

(1) The information in this case is bottomed on section 4764, Revised Statutes 1909. It is sufficient in law, following as it does the language of the statute, and it contains all the nature and cause of the accusation. The action of the trial court, therefore, in sustaining the information on the ground that it failed to charge the defendants with an offense against the laws of the state, was right. R. S. 1909, sec. 4764; State v. Maupin, 71 Mo. App. 54. (2) It is insisted by counsel for appellants that their motion to quash the information raises a third objection to its validity, to-wit, that the names of the witnesses for the prosecution are not indorsed thereon, and for this reason such motion to quash should have been sustained and that the action of the trial court in overruling the motion, for this reason, is reversible error. The information is not indorsed by the name of any witness for the prosecution but it may well be questioned if appellant's motion can be read or construed, so as to raise or urge such objection. In view of the character and standing of the learned trial judge, it would be presumptious in the extreme, to say that the motion was sufficient to, or did, direct his attention to this patent omission in the information, else it

would have been amended in this particular also, when the matter was before him. We submit that the motion to quash does not specify this objection with that distinctness which the statute and the authorities require to make it available. R. S. 1909, sec. 5112; State v. Below, 79 Mo. 585. It should therefore be disregarded. (3) If this objection, which does not go to the form or substance of the information, was being urged or made in good faith in the court below, as a substantial defense, appellants' remedy, as pointed out by the authorities, would have been an objection to the testimony of Houston Duncan, the state witness, and a request for a continuance. Their failure to do so amounts to a waiver of any right to complain now. State v. Whitsett, 232 Mo. 525; R. S. 1909, secs. 5057, 5097. (4) Finally it is urged that the trial court erred in refusing to sustain the demurrer to the evidence. The evidence was sufficient to go to the jury and it makes a prima facie case, one which the accused makes no attempt to rebut or explain. The verdict should stand. State v. Andrews, 43 Mo. 470; State v. Drahn, 140 Mo. App. 263.

NIXON, P. J.—Appellants were tried and convicted in the circuit court of Dade county, Missouri, on an information charging that "defendants Pete Brown, Dick Wilkins, Wm. Perry and Carl Stephenson, on the 14th day of August, 1911, at the said county of Dade did then and there unlawfully bet a sum of money to-wit twenty-five cents at and upon a game of chance commonly called 'craps' then and there played with dice and a blanket, devices for playing games of chance for money and property contrary to the form of the statute," etc. Upon trial, defendants were found guilty and a fine of thirty dollars was assessed against each. The case is here on their appeal.

The bill of exceptions recites in the usual manner that the cause came on for trial before the judge and a jury and that both sides announced ready for trial. Defendants then presented a motion to quash the information alleging the following grounds: "That said information charges no offense against the laws of the state of Missouri, and is not verified and indorsed as required by section 5057 of the Revised Statutes of Missouri of 1909." The trial court, *without objection from defendants,* permitted the prosecuting attorney to verify the information, after which defendants' motion to quash was overruled. It appears that the blank space (on the printed form used) on the information left for "Witnesses for the Prosecution" was never filled in with the witnesses names, and one of the grounds in the motion to quash the information was directed at this omission, as we have shown. The respondent in this court contends that the motion to quash did not specify this objection with that distinctness which the statute and the authorities require to make it available, citing section 5112, Revised Statutes 1909, and the case of State v. Belew, 79 Mo. 585. We cannot agree with respondent in this contention. The motion alleged that the information "is not verified and indorsed as required by section 5057 of the Revised Statutes of Missouri of 1909." Looking to section 5057 we find that it makes only two requirements for an information, namely, (1) that all informations shall be signed by the prosecuting attorney and be verified by his authority or by the authority of some person competent to testify as a witness in the case, or be supported by the affidavit of such person, which shall be filed with the information, and (2) that the names of the witnesses for the prosecution must be indorsed on the information, in like manner and subject to the same restrictions as required in case of indictments. We think the motion to quash was sufficiently specific.

However, before presenting the motion to quash the information, the defendants had announced ready for trial.  Now the obvious purpose of the statutory requirement that the names of the witnesses for the prosecution be indorsed on the information is to enable the defendant to prepare his defense.  By knowing the names of the witnesses by whom the state will attempt to sustain the charge, he can prepare for what he supposes they will testify.  [State v. Barrington, 198 Mo. l. c. 69, 95 S. W. 235.]  But defendants in this case evidently had their defense prepared for they announced that they were ready for trial before they presented their motion to quash the information.  In the case of State v. Martin, 230 Mo. l. c. 689, 132 S. W. 595, the motion to quash the information was filed, the court then permitted the state's attorney to supply the names of the witnesses on the information, and then overruled the motion.  Under the authorities the defendant could then have had further time in which to prepare for trial (State v. Barrington, supra, l. c. 69, 70) but did not request that he be given further time.  The court said: "On the contrary, it does show that he announced ready for trial, and having so announced he cannot now be heard to complain that he was denied reasonable time to prepare for his defense after the names of the witnesses against him were disclosed by the prosecuting attorney."  Of course that case is not exactly parallel to this because in that case the names of the witnesses were supplied and the trial was proceeded with, while in this case the state without supplying the name of its only material witness called him to the stand and proceeded with the trial.  As a matter of practical common sense the cases are alike in this respect because the mere formality of writing the names of the witnesses on the information as in that case and then immediately calling the first one is not materially different from this case where the first and only witness for the state in chief

was immediately called. The three witnesses called by the state in rebuttal were used simply to sustain the reputation of the state's main witness which had been attacked. When the state's witness was called, in chief, no objection was made to his testifying in the case for the reason that his name was not indorsed on the information. He was the officer who apprehended the defendants, the only one who saw them at the game, and who caused them "to fall over one another getting away from there" when they saw his form forcing its way through a hole in the hedge behind which he had watched the progress of the game. Looking at the record as it now stands we cannot see how defendants have any cause of complaint. Having announced ready for trial before securing a ruling on their motion to quash the information, they must be held to have waived any objections they might have had to the trial court's action in forcing them to trial.

Appellants contend that the trial court should have sustained their motion to quash the information upon the ground, therein alleged, that no offense prohibited by the laws of the state of Missouri was charged therein.

The information charged "that said defendants Pete Brown, Dick Wilkins, Wm. Perry and Carl Stephenson, on the 14th day of August, 1911, at the said county of Dade did then and there unlawfully bet a sum of money to-wit twenty-five cents at and upon a game of chance commonly called 'craps' then and there played with dice and a blanket, devices for playing games of chance for money and property contrary to the form of the statute," etc.

The statute, section 4751, Revised Statutes 1909, provides: "Every person who shall bet any money or property upon any gaming table, bank or device prohibited by the preceding section, or at or upon any other gambling device, or who shall bet upon any game played at or by means of any such gaming table or

other gambling device, . . . or who shall in any manner be interested in any such playing or betting at such device, shall on conviction,'' etc.

It will be seen that this statute makes it a criminal offense to bet any money or property upon any gaming table, bank or device prohibited by the preceding section (4750); it does not stop there, however, but by its terms its scope is so broadened as to include not only betting on the gambling devices enumerated in section 4750, but also prohibits anyone *"to bet at or upon any other gambling device."* [State v. Torphy, 66 Mo. App. 434.] Under the peculiar language of section 4751 the rule of construction which requires that where general words follow the enumeration of particular classes of things the general words will be construed as applicable to things of the same general class as therein enumerated, has no application. The appellants invoke this rule of statutory construction and cite as authority the case of State v. Bryant, 90 Mo. 534, 2 S. W. 836. This rule of construction in the case of State ex rel. v. Harter, 188 Mo. l. c. 529, 87 S. W. 941, received a radical modification. The court there announced that "it is one of the cardinal principles of construction of statutes that all the parts of the statute must, if possible, be given a meaning and effect," and it was held that when this principle of construction applies, the doctrine of *ejusdem generis* has no applicability; that such doctrine "is only a rule of construction to aid us in arriving at the real legislative intention. It is not a cast-iron rule; it does not override all other rules of construction, and it is never applied to defeat the real purpose of the statute, as that purpose may be gathered from the whole instrument. It is a corollary to the first proposition above stated, that the statute must be construed to give effect to all its words. The rule itself must not be so construed as to defeat that purpose. Whilst it is aimed to preserve the meaning of

the particular words, it is not intended to render meaningless the general words. Therefore, where the rifice the general to preserve the particular words. must be construed as embracing something outside of that class. If the particular words exhaust the *genus* there is nothing *ejusdem generis* left, and in such case we must give the general words a meaning outside of the class indicated by the particular words, or we must say that they are meaningless, and thereby sacrifice the general to preserve the particular words. In that case the rule would defeat its own purpose." [Bank v. Ripley, 161 Mo. l. c. 131, 61 S. W. 587.] The principle therein announced virtually overrules the case of State v. Bryant, supra, as applied to an interpretation of section 4751, Revised Statutes 1909. The rule that every word and clause of a statute should be possible have assigned to it a meaning, leaving no useless words, was applied in the case of State v. Gilmore, 98 Mo. l. c. 213, 11 S. W. 620, as a proper rule of construction of section 1548, Revised Statutes 1889 (now section 4751, Revised Statutes 1909) in the following language: "So if every kind of gambling device was intended to be included in the class of devices mentioned in this section, what is the necessity in section 1548, after providing a penalty for anyone who shall bet upon any gambling table, bank or device prohibited by section 1547, or adding the words, 'or at or upon any other gambling device?' Evidently they were used because, in the mind of the legislator, the general words in the preceding section, being limited to devices of the kind mentioned, it was necessary to use additional words to include devices not of the class mentioned, otherwise they are useless."

We think the information was properly sustained by the trial court.

Appellants assign as error the action of the court in refusing at the close of the state's evidence in chief to give a peremptory instruction to the jury to find

the defendants not guilty. We have carefully read the testimony of the state's witness and it is amply sufficient to sustain the verdict. There is no controversy about the facts. The three witnesses for the defendants testified solely as to the bad reputation of the state's witness for truth and veracity, and the defendants did not testify. The weight of the evidence and the credibility of the witnesses were exclusively questions for the jury. The state's witness (a deputy sheriff) testified that on August 14, 1911, he stood behind a hedge in a certain pasture some fifteen steps away and watched about twelve men (defendants among them) playing with dice—"shooting craps"—on a blanket spread on the ground or on a gum coat spread out like a blanket. He saw each of these defendants playing, heard them call certain numbers and bet, and saw them throw the dice upon the blanket and heard their fingers snap; and he could hear money as they would throw it to one another and it sounded like dollars and half-dollars; when he started through a hole in the hedge toward them they saw him and "fell over one another getting away from there." The trial court did right in putting the case to the jury.

Finding no prejudicial error in the record, the judgment is affirmed. All concur.