## KNIGHTS AND LADIES OF SECURITY v. GREY.

No. 8308—Opinion Filed March 12, 1918.

Rehearing Denied May 21, 1918.

(172 Pac. 933.)

**Insurance — Life Insurance — Warranties— Effect.**

An applicant for life insurance warranted in his application that the answers made by him to the questions propounded by the medical examiner were true, full, and correct, and agreed that the same, together with the application, should form the basis of his agreement with the order and should constitute a warranty. The certificate issued upon application recited that the application and the report of the medical examiner are true in all respects, and that each and every part shall be held to be a warranty and to form the only basis of liability of the order, and, if not true, the certificate shall be null and void. Held, that the answers of the insured to the questions propounded by the medical examiner were warranties, and a false statement made by the insured as to his having applied to the Knights and Ladies of Security, or any other life insurance company, or association, or society, and been rejected, rendered the policy void.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Fannie A. Grey against the Knights and Ladies of Security. Judgment for plaintiff, and defendant brings error.

Reversed, and cause remanded for new trial.

Hainer, Burns & Toney, for plaintiff in error.

T. J. McComb and Stephen C. Treadwell, for defendant in error.

Opinion by HOOKER, C. The plaintiff in error on October 18, 1912, issued a beneficiary certificate to Henry H. Grey payable to his wife. He died in March, 1914, and upon the refusal of the plaintiff in error to pay the amount claimed to be due upon said policy the beneficiary instituted this action.

In the petition it is alleged that the policy was issued upon the life of said Henry H. Grey, payable upon his death to the defendant in error, and that the said insured had died in March, 1914, and there was due by virtue thereof a certain fixed sum.

The answer admits the execution of the insurance contract, etc., but denied liability upon several grounds, all of which save one has been decided adversely to plaintiff in error in the case of M. B. A. v. White, 66 Okla. 241, 168 Pac. 794.

It is claimed by plaintiff in error that it issued said certificate and thereby promised to pay the beneficiary said sum only upon the said Henry H. Grey having complied with all of the terms and provisions of said certificate, and with the by-laws and constitution of the society, and with the warranties, representations, and agreement contained in the written application for said insurance by the said insured, together with the statements made by him in his answers to the questions propounded to him in his medical examination, and that said insured falsely and fraudulently represented to its medical examiner that he had never applied for membership to any other life insurance company, or association, or society and been rejected, whereas in truth and in fact, he had prior to the time his application was made here and his answer given to said medical examiner or said certificate issued to him made an application to the Mutual Life Insurance Company of New York for insurance, and had been rejected, and that by the terms and conditions of the certificate sued upon, the application and the medical examiner's report constituted a part thereof, and was a warranty that the insured had never applied to any other life insurance company, or association, or society, and been rejected, and that by virtue thereof, said warranty was broken, and said policy rendered void, and no liability accrued to it on account thereof.

The certificate sued upon contains the following stipulations:

"(1) That the application for membership in this order made by the said member, together with the report of the medical examiner which is on file in the office of the National Secretary, and both of which are made a part hereof, are true in all respects, and each and every part thereof shall be held to be a strict warranty and to form the only basis of the liability of the order to said member, or said member's beneficiaries, the same as if fully set forth in this certificate.

"(2) That if said application and medical examination shall not be true in each and every part thereof, then this beneficiary certificate shall, as to said member, or said member's beneficiaries, be absolutely null and void.

"(3) This certificate is issued in consideration of the warranties and agreements made by the person named in this certificate in said member's application to become a member of this order and in said member's medical examination."

In the application or medical examination of the insured, the following questions and answers thereto appear:

"25. (a) Have you ever applied for membership in the Knights and Ladies of Security, or any other life insurance company or association or society, and been rejected? No. * * *

"26. Have you ever made application to any life insurance company, association, or society and withdrawn it before rejection, or been advised by any medical examiner that he could not pass you on account of your physical condition, or personal or family history? No."

And in addition thereto the following agreement is twice embraced therein.

"I hereby make application for a beneficiary certificate. * * * And I hereby declare that the foregoing answers and statements and the answers to the questions propounded to me by the medical examiner are warranted to be true, full and correct, and I acknowledge and agree that the said answers and statements, with this application shall form the basis of my agreement with the order and constitute a warranty. I hereby make my medical examination a part of this application, and the medical examination be considered a part of my beneficiary certificate."

In Woodmen v. Prater, 24 Okla. 214, 103 Pac. 558. 23 L. R. A. (N. S.) 917, 20 Ann. Cas. 287, it is held:

"(2) An applicant for a life insurance policy warranted in her application that her answers to the medical examiner on the reverse side of her application were 'true and accurate,' and that they should constitute the basis for the covenant. The policy recited that it was executed in consideration of the warranties made in the application, and that the application should be made a part of the covenant. Held, that the answers of the insured to the medical examiner were her warranties, and that a false statement made therein by her rendered the policy void."

In 14 R C. L., p. 1080, it is said:

"A statement as to previous rejections is material as a matter of law, and, if false, avoids the policy regardless of the good faith of the applicant, and a fortiori where the truthfulness of all statements in the application is made a condition to the validity of the policy, a false statement that the insured has not applied for other insurance avoids the policy. A representation by an applicant that no application for insurance by him had not been granted is untrue where he had withdrawn an application to avoid a rejection. And the same is true of a representation that no application had been rejected."

See, also, the following cases: Owen v. United States Surety Co., 38 Okla 123, 131 Pac. 1091; Cobb v. Covenant Mutual Ben. Ass'n, 153 Mass. 176, 26 N. E. 230, 10 L. R. A. 666, 25 Am. St. Rep. 619; Metro Life Ins. Co. v. McTigue, 49 N. J. Law, 587, 9 Atl. 766, 60 Ap. Rep. 661; Pradley v. United States Life Ins. Ass'n. 60 Fed. 727, 9 C. C. A. 252; Sladden v. N. Y. Mut. Life Ins. Co., 86 Fed. 102, 29 C. C. A. 596; Pennsylvania Mut. Life Ins. Co. v. Mechanics' Savings Bank & Trust Co., 72 Fed. 413, 19 C. C. A. 286, 28 L. R. A. 33; Home Friendly Society v. Berry, 94 Ga. 606, 21 S. E. 583; Aloe v. Mut. Reserve Life Ass'n, 147 Mo. 561, 49 S. W. 553; McCullom v. Mut. Life Ins. Co., 55 Hun, 103, 8 N. Y. Supp. 249; Id., 27 N. E. 412; March v. Met. Life Ins. Co., 186 Pa. 629, 40 Atl. 1100, 65 Am. St. Rep. 887; Moore v. Mut. Res. Fund Life Ass'n, 133 Mich. 526, 95 N. W. 573; Germania Life Ins. Co. v. Lunkenheimer, 127 Ind. 536, 26 N. E. 1082; Silberman v. Empire Life Ins. Co., 24 Misc. Rep. 399, 53 N. Y. Supp. 407; Finch v. M. W. A., 113 Mich. 646, 71 N. W. 1104; Am. Mut. Aid Society v. Bronger, 11 Ky. Law Rep. 902; Id., 91 Ky. 406, 15 S. W. 1118, 12 Ky. Law Rep. 971; and Clemans v. Sup. Assembly Royal Soc. of Good Fellows, 131 N. Y. 485, 30 N. E. 496, 16 L. R. A. 33.

Under the authority of Com. Cas. Co. v. Owen, 38 Okla. 107, 131 Pac. 1084, and of Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 Pac. 181, the provisions of section 3467, Rev. Laws 1910, are not applicable to the contract involved in the present case.

In 6 R. C. L. § 227, p. 837, it is said:

"The whole context is to be considered in ascertaining the intention of the parties, even though the immediate object of inquiry is the meaning of an isolated clause. * * *"

And in 9 Cyc. p. 577, it is said:

"The first and main rule of construction is that the intent of the parties as expressed in the words they have used must govern."

Applying the rules above given to the words used in questions and answers above cited, how must they be construed and what is their meaning?

It is asserted by the beneficiary that the doctrine of ejusdem generis should be applied here, and, when so applied, that the words "or any other life insurance company or association or society" must be construed to mean organizations of a kindred nature to the Knights and Ladies of Security. With this contention we cannot agree.

The intention and aim of the interrogatories was to embrace all character of insurance companies. Not alone the Knights and Ladies of Security and other kindred societies or organizations, but all insurance companies issuing policies. This is apparent from question 26, immediately following.

It might not be amiss to refer to section 3402, Rev. Laws 1910, where it is said that the word "company" or "insurance company" shall include all corporations engaged as principals in the insurance business except fraternal and benevolent orders. Viewing the words, "or any other life insurance company" within the light of this statute, we must hold the same sufficient to embrace life insurance companies of the general kind, and not limit the same to organizations or societies of a kindred nature to plaintiff in error. When it is apparent that the parties intended the general words to extend beyond the class designated, the doctrine of "ejusdem generis" does not apply. In dealing with this doctrine of "ejusdem generis" as applied to the construction of statutes, this court, in K. C. So. Ry. Co. v. Wallace, 38 Okla. 233, 132 Pac. 908, 46 L. R. A. (N. S.) 112, said:

"(3) The rule of ejusdem generis is resorted to merely as an aid in construction. If, upon consideration of the whole law upon the subject, and the purposes sought to be effected, it is apparent the Legislature intended the general words to go beyond the class specially designated, the rule does not apply. Moreover, where the particular words exhaust the class, then the general word must be given a meaning beyond the class."

And in the opinion it is said:

"It is a fundamental rule that courts favor a construction which will render every word operative rather than one which makes somes words idle and nugatory. Bohart et al. v. Anderson, 24 Okla. 82 (103 Pac. 742, 20 Ann. Cas. 142). * * *"

And in 38 Okla. on page 239, 132 Pac. on page 911, the court says:

"It is true that, under the doctrine ejusdem generis, general words, such as those just referred to, for the purpose of ascertaining the intent of the Legislature, are generally restricted in their scope to the specific class of objects named. But, as is said by the Supreme Court of Missouri in the case of State v. Smith, 233 Mo. 242, 135 S. W. 465, 33 L. R. A. (N. S.) 179: 'The rule of ejusdem generis is * * * resorted to merely as an aid in construction. If, upon consideration of the whole law upon the subject, and the purposes sought to be effected it is apparent that the Legislature intended the general words to go beyond the class specifically designated, the rule does not apply. If the particular words exhaust the class, then the general words must have a meaning beyond the class or be discarded altogether.'

"Other authorities supporting these general propositions and instructive on this phase of the case may be noted as follows: 2 Lewis' Sutherland, Statutory Construction (2d Ed.) secs. 436, 437, 438; 36 Cyc. 1119-1122; United States Cement Co. v. Cooper, 172 Ind. 599, 88 N. E. 69; Weiss v. Swift & Co., 36 Pa. Super. Ct. 376; Strange v. Board of Com'rs, 173 Ind. 340, 91 N. E. 242; State v. Brown et al., 163 Mo. App. 30, 145 S. W. 1180; Mears Mining Co. v. Maryland Casualty Co., 162 Mo. App. 178, 144 S. W. 883; State v. Pabst Brewing Co., 128 La. 770, 55 South. 349.

"The Supreme Court of Indiana, in the case of United States Cement Co. v. Cooper, supra, speaking to this subject, says: 'In the construction of statutes or written contracts the doctrine of ejusdem generis is applicable, not in all, but in a certain class of cases when general words are not accorded their usual and ordinary meaning, but restricted to things of the same kind, or genus, as those designated by the particular words. 2 Lewis' Sutherland, St. Con. (2d Ed.) § 437; Foster v. Blount, 18 Ala. 687 689. The office of the rule, however, like that of all other canons of construction is to afford aid to the court in developing the true meaning of the statute, and cannot be employed or restrict the operation of an act within narrower limits than was intended by the lawmakers. Woodworth v. State, 26 Ohio St. 196; Willis v. Mabon, 48 Minn. 140-156, 50 N. W. 1110, 16 L. R. A. 281, 31 Am. St. Rep. 626; Lewis' Sutherland, St. Con. (2d Ed.) § 437. It is never used in an

arbitrary sense, but operates as a sort of suggestion to the judicial mind that, when specific words of definite and certain meaning in a statute are deemed advisable by the framers, it may be that they intended the general words to extend only to persons or objects of the same kind or class as those embraced within the particular words, or they might not have gone to the pains of any specific enumeration. Whether the doctrine should be applied in any case depends largely upon the character and contents of the act as a whole, having due regard for that primary rule of construction that the object of a law must be sought from the entire act, including the title, and from a consideration of the evil to be remedied, the state of public sentiment existing at the time of the passage of the law, and the general purpose of the act, as derived from a consideration of every section. If the general purpose of the Legislature clearly appears from a study of all the parts, that purpose cannot be defeated or limited by the doctrine we are considering. Webber v. Chicago, 148 Ill. 313-318, 36 N. E. 70; Gillock v. People, 171 Ill. 307, 49 N. E. 712; Winters v. Duluth 82 Minn. 127, 84 N. W. 788; Lynch v. Murphy, 119 Mo. 163, 24 S. W. 774; Woodworth v. State, 26 Ohio St. 196; Lewis Sutherland, Stat. Const. (2d Ed.) § 437; State v. Villines (1904) 107 Mo. App 593-598, 81 S. W. 212; State v. Harter (1905) 188 Mo. 516, 87 S. W. 941-944. Another potential rule of construction has peculiar application to the facts of this case, namely, that when the particular words embrace all the persons or objects of the class mentiioned, and thereby exhaust the class, in such case there can be nothing ejusdem generis left for the rule to operate upon, and we must give the general words a meaning different from that indicated by specific words, or ascribe to them no meaning at all. Bank of Commerce. v. Ripley, 161 Mo. 120-132, 61 S. W. 587; Ruckert v. Railroad Co. (1901) 163 Mo. 260-276, 63 S. W. 814; Gage v. Cameron, 212 Ill. 146-161, 72 N. E. 204; Gillock v. People, 171 Ill. 307, 49 N. E. 712; Ellis v. Murray, 28 Miss. 129-142; Fenwick v. Schmaiz, 3 C. P. L. R. 313; Lewis' Sutherland, Stat. Const. (2d Ed.) § 437; Maxwell's Interp. of Stat. (3d Ed.) p. 478; Endlich. Interp. of Stat. § 409. This result must be avoided, if possible, at the behest of another canon of construction, that a statute must be construed so as to give effect to all its words'."

Applying these rules to the questions and answers involved here, it must be held that the parties intended the general words to go beyond the class specifically designated, and that the rule of ejusdem generis does not apply.

We are of the opinion that the representation by the insured that he had never applied for membership in the Knights and Ladies of Security or any other life insurance company, or association or society, and been rejected, considered in connection with the subsequent question and answer, and with the whole context of the application, constituted a warranty, and, if untrue, was sufficient to render the policy void. An instruction to cover this view of the question was asked by plaintiff in error and refused. This was error.

The judgment of the lower court is reversed and this cause remanded for a new trial.

By the Court: It is so ordered.