Case 76—PETITION ORDINARY—April 4.

# American Mutual Aid Society v. Bronger.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

SEPARATION. OF CONCLUSIONS OF LAW AND FACT—EXCEPTIONS.—Where the questions of law and fact in an ordinary action are submitted to the court, and the court, pursuant to the request of one of the parties, states in writing its conclusions of law and fact separately, as provided by section 332 of the Civil Code, there must be an exception to the conclusions of law to enable this court to pass upon them upon appeal. A motion for a new trial, in the absence of such an exception, will not save the questions of law.

SIMRALL & BODLEY for appellant.

O'NEAL, PHELPS & PRYOR, LANE & BURNETT for appellee.

The appellant, by failing to except to the findings of law by the trial judge in the court below, has waived the error which it now relies upon for a reversal of the judgment. (Henderson v. Dupree, 82 Ky., 680; Cincinnati National Bank v. Silva, 9 Ky. Law Rep., 405: Byring v. Brown, 7 Ky. Law Rep., 359; Haverin v. Otter, &c., 5 Ky. Law Rep., 180; Paducah, &c., v. Terrell, 5 Ky. Law Rep., 952; Artsman v.

American Mutual Aid Society v. Bronger.

Thoma, 4 Ky. Law Rep., 430; Neal, &c., v. Carter Bros., 11 Ky. Law Rep., 329; Gast v. Kemper, 7 Ohio, 75; Cleaveland v. Johnson, 10 Ohio, 595; Frank v. The State, 12 Ohio, 7; Cruzan v. Smith, 41 Ind., 292; Smith v. Davidson, 45 Ind., 399; Williams v. New Albany, 5 Ind., 111; Myers v. Neff, 5 Ind., 523; Oldham v. Erwin, 6 Ind., 494; Spencer v. Russell, 9 Ind., 157; Indianapolis v. Mason, 11 Ind., 171; Peden v. King, 30 Ind., 181; Grimes v. Druzan, 32 Ind., 361; Smith v. Jeffries, 25 Ind., 376; Smeilt v. Lafferty, 29 Ind., 400; Major v. Major, 2 Kan., 339; Lucy v. Dunn, 5 Kan., 569; Wood v. Boyd, 25 Ark., 77; Toushee v. Pattersell, 67 N. C., 455; Stratton v. Crowfield, 41 N. Y., 55; Otis v. Spenser, 16 N. Y., 611; Warner v. Pace, 10 Iowa, 391; Chatterson v. Parrott, 46 Mich., 436; Gilmore v. Theiss, 18 Wis., 554; Knerlbaum v. Roeppe, 27 Mo., 161.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case involves a question of law and one of fact. It was heard by the court without the intervention of a jury. The insured made application to the appellant to have his life insured for the benefit of the appellee. The appellant is a mutual aid society. In answer to the question, "Have you made application for insurance in any other company," the insured responded, "No." An application had been made to another company, and the insured or his application refused. The examining physician discovered, as he thought, some trouble with his heart. The examining physician for the appellant made the same discovery, but, upon a more thorough examination, became convinced that he was all right. A second physician examined him, and concurred in his views with the regular examining physican.

Not long after the insurance had been effected the insured committed suicide, and there is no pretense that his heart was the cause of his mental trouble, or that he had any other physical disease.

The court held as a matter of law, separating his

findings of law from those of fact, that the failure to
answer the question as to his prior application for
insurance correctly was not a material representation,
as it would not have affected the application made
to the appellant, because the latter had the same
knowledge in reference to his heart trouble that
the physician had who first examined the insured.
Whether this was a correct exposition of the law on
the facts it is not necessary to decide, as there was
no exception to the findings of law.

Section 332 of the Code provides: "Upon trials of
question of fact by the court, it shall not be necessary
for the court to state its finding, except generally for
the plaintiff or defendant, unless one of the parties re-
quest it, with a view of excepting to the decision of the
court upon the question of law involved in the trial, in
which case the court shall state in writing the con-
clusions of fact found, separately from the conclusions
of law." This court has not passed directly upon the
question of practice, but the Superior Court has held
in several cases that it is as much necessary to except
to the finding of law by the court, so as to raise the
question in an appellate court, as in a case when a
jury is passing on the facts under findings of law
made by the court; that in the admission or rejection
of testimony, or the determination of any legal ques-
tion during the progress of the case, the exception
must be reserved at the time.

It is too late after judgment to raise the question
by a motion for a new trial. If otherwise, it then be-
comes unnecessary to except at all until the judgment
is rendered. The court would have told the jury that

the answer to the question propounded was not ma-
terial, and an exception must be made in such a case
to be available in this court. It may be argued that
the counsel may not know how the court will in-
terpret the law until final judgment, and this may be
so; still an exception to the judgment would not raise
the question, and, therefore, when separating the
one finding from the other in a case where the court
reserves a decision of the legal question until he is
ready to pronounce judgment, the exception should
be entered to the finding, if desired, by either party;
but it seldom occurs, when the trial judge is hear-
ing both questions of law and fact, that he fails to
decide the legal question before pronouncing judg-
ment.

There is no necessity of separating the findings but
to enable a party to except, and if a motion for a
new trial raises the question, it is then not necessary
to except. The court below held, as a matter of law,
that the burden was on the defendant to show some-
thing more than that the answer complained of was
false, and to this finding there should have been an
exception.

This ruling makes the practice in both courts uni-
form, and we think carries out the provision of the
Code on this subject. Other States have similar pro-
visions in their Codes of Practice, and construe them in
the same manner. In Peden's Adm'r v. King, 30 Ind.,
181, it is said: "To prepare a case for the Supreme
Court under section 341 of the Code, the court below
should first state the facts in writing, and then the
conclusions of law upon them, to which the party ag-

grieved should except. The questions of law are not saved by a motion for a new trial." In Chatterton v. Parrott, 46 Mich , 432, the court held an exception to the judgment was unavailing. "Had there been findings, an exception that they did not support the judgment might have been considered." In Gilman v. Theiss, 18 Wis., 554: "In cases tried by the court where there are several facts found or conclusions of law stated, the exception should show to which one of them objection was made." In Smith v. Davidson, 45 Ind., 396, the court, in alluding to this question of practice, said: "The only way to do that is to except to the conclusions of law. It is not enough to except to the finding generally. Nor can the question be saved by a motion for a new trial."

Decisions of a similar character will be found in other States, and it appears that the purpose of this provision of our Code was to enable a party to except to the legal finding in the same manner that he would except where an instruction had been given the jury.

Upon the question of fact as to the fraud, we concur with the opinion of. the court below, and must, therefore, affirm the judgment. The opinion of the Superior Court seems not to have discussed this question, and whether or not the point was raised in that court, we are unable to say.