BIRNEY J. MORGAN v. JAMES L. HODGES ET AL.

*Contract—Settlement—Consideration.*

An agreement between a *bona fide* purchaser of stolen property and the owner, under which the former is permitted to retain a portion of the property by voluntarily delivering the remainder to the owner, is void for want of consideration.

Error to Kent.   (Grove, J.)   Submitted on briefs November 6, 1891.   Decided December 22, 1891.

Trover.   Plaintiff brings error.   Reversed.   The facts are stated in the opinion of GRANT, J.

*Reuben Hatch,* for appellant, contended for the doctrine laid down in the majority opinion.

*Fletcher & Wanty,* for defendants, contended:

1. There was nothing to be done to carry out the agreement; the defendants had the horse, and the agreement amounted to a gift, according to the plaintiff's statement.   It was then a valid, executed contract, and needed no consideration to support it; citing Bish. Cont. (2d ed.) §§ 81, 82, and cases cited in note; but the plaintiff received what the law has always deemed a valuable consideration, in being relieved of the anxiety and inevitable expense and trouble of proving that the

property belonged to him; citing Bish. Cont. § 57, and cases cited.

2. The law laid down by the court in his charge seems to be conceded by plaintiff's counsel to be correct, and we think the facts in the case warranted the instructions; citing *Weed v. Terry*, Walk. Ch. 501, 2 Doug. 344; *Van Dyke v. Davis*, 2 Mich. 144; *Gates v. Shutts*, 7 Id. 127; *Baumier v. Antiau*, 65 Id. 31.

GRANT, J.   This is an action of trover to recover the value of a horse.

In November, 1888, defendants purchased two horses, harness, buggy, robes, and whip of one Seaman. Seaman had hired one of the horses, harness, and the other property from plaintiff, at Traverse City, to drive to Frankfort. He drove them to Grand Rapids, and sold them to defendants. Defendants had known Seaman, and had no occasion to doubt his statement that he owned the property. No question is raised of the good faith of the defendants. In the following March plaintiff traced his property into the possession of the defendants. They had sold the horse, but still had the other property.

The defendants pleaded the general issue, and gave notice of a settlement. The only question arises upon this settlement. The settlement was denied by the plaintiff, but, to present the question properly the testimony of the defendants alone is material. Plaintiff, who was a stranger to defendants, went to their stable, and, finding Frank E. Hodges there, informed him of the loss of his property, and asked if they had bought such property of Mr. Seaman. Mr. Hodges informed him that they had bought two horses, harness, buggy, and robes of Mr. Seaman; that they had sold the horses; and that the other property was in his brother's barn. Mr. Hodges went with plaintiff to see the property. Plaintiff recognized it as his. Plaintiff and Frank went back

to defendants' barn and found defendant Chester there. Frank introduced plaintiff to his brother, and told him of his claim. A conversation ensued between them, in which plaintiff stated how Mr. Seaman obtained the property, and Mr. Hodges stated how they came in possession of it, and what they had done with it. Mr. Hodges testified that plaintiff then said:

"If you will return me the buggy, robe, harness, and things, I will let the horse go, and we will call it square. You got him in good faith."

To which Mr. Hodges replied, "All right," and immediately telephoned to his employes at the other barn to let plaintiff have the property. He took the property away, and subsequently brought this suit.

It is urged on behalf of plaintiff that, even if this arrangement was made, it was void for want of consideration, because there was nothing in dispute, and no controversy had arisen. The learned circuit judge instructed the jury that, if this was so, and if the defendants conceded at the outset that the property belonged to the plaintiff, then there was no consideration for the settlement, and plaintiff must recover; but, if the defendants did not concede that the plaintiff was the owner, and before any determination was reached upon this point,—viz., whether the property should be surrendered or not,—plaintiff made the offer above given, as a settlement of the matter, that would be binding upon the parties. This instruction was correct if the facts were sufficient to warrant it. Under the defendants' evidence plaintiff had made no demand for the unconditional surrender of his property. The horse was not very valuable. He might well think it wise to gain possession of the remainder of his property without litigation or trouble. No misrepresentations were made to him by the defendants, nor any fact concealed from him.

They had not offered to surrender the property prior to the offer made by him. They said nothing which can be construed into a recognition of plaintiff's title. Their silence upon this point cannot, under the circumstances, be legally construed as a recognition by them of plaintiff's title. The law favors settlements of this character. Bish. Cont. 57. I do not think it was the province of the court to decide that there was no valid agreement under these circumstances. The question was properly submitted to the jury.

Judgment should be affirmed.

MORSE, J., concurred with GRANT, J.

LONG, J. I think the court below was in error in his charge, as it appears that the defendants only did that, in surrendering the property, which in law they were compelled to do, and therefore there was no consideration for the promise on the part of the plaintiff not to reclaim the horse.

Judgment must be reversed, with costs, and a new trial ordered.

CHAMPLIN, C. J., and McGRATH, J., concurred with LONG, J.