CASE 70—ACTION ON LIFE INSURANCE POLICY—DEC. 7.

# Home. Ben. Soc. of New York, &c. v. Muehl.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. REVERSED.

INSURANCE—SERVICE OF PROCESS ON INSURANCE COMMISSIONER—COM-
PROMISE—FRAUD—FAILURE TO RETURN MONEY RECEIVED UNDER
COMPROMISE AGREEMENT.

Held:   1. Under Kentucky Statute, section 631, providing that be-
fore authority is granted to any foreign insurance company to
do business in this State it must consent that service of process
upon the insurance commissioner shall be a valid service upon
the company, the agency of the insurance commissioner as to
service of process continues after the company's withdrawal
from business in the State, at least as to suits upon contracts
made in the State.

2. In an action at law upon a policy of insurance, in which de-
fendant, by its answer, relies upon a compromise agreement,
plaintiff may plead by his reply that the alleged agreement is
void, because it was obtained by fraud; but to make his reply
good he must allege a return or tender of the money received
under the compromise agreement.

KOHN, BAIRD & SPINDLE AND CHAS. G. HULSEWEDE, ATTOR-
NEYS FOR APPELLANTS.

## POINTS AND AUTHORITIES.

1. The burden of proof was on appellee.  Civil Code, sec. 526; Ken-
tucky Wagon Company v. City of Louisville, 97 Ky., 548.

2. Fraud can not be generally pleaded, but the facts must be set
out so that the court can judge of their legal sufficiency.  Ryan
v. Middlesborough Land Company (Ky.), 50 S. W. R., 13.

3. A misrepresentation can not be predicated of an opinion or mat-
ter of judgment (except where the parties are so selected as to
entitle one to a correct judgmnt or opinion of the other).  Ryan
v. Land Company (Ky.), 50 S. W. R., 13; Livermore v. Land
Co., 20 Rep., 1704; Jones v. Land Co., 20 Rep., 1744; Pine Moun-
tain Co. v. Ford, 20 Rep., Ib. 50 S. W., 27.

| 109 | 479 |
| 112 | 308 |

| 109 | 479 |
| 130 | 404 |

| 109 | 479 |
| 132 | 553 |

4. Compromises are favored in law. Titus v. Ins. Co., 97 Ky., 567; Wood v. Anders, 5 Bush, 601; Pomeroy on Equity Jurisprudence, sec. 850; McElroy v. Railroad, 100 Ky., 153.

5. It is not fraudulent for defendant to represent to plaintiff that he has no cause of action. Johnson v. Railroad, 77 N. W. R., 476; May on Insurance, vol. 2, sec. 452 F.

6. Questions addressed in an application for life insurance to the habits of the applicant are material in law, and if materially false answers are made the policy is avoided. Ins. Co. v. Lee, 20 Rep., 839; May on Insurance, sec. 290; Ins. Co. v. Thompson, 94 Ky., 253 (distinguished in Ins. Co. v. Lee, *supra*); Ferris v. Ins. Co., 76 N. W., 1041; Brown v. Ins. Co., 65 Mich., 306; Ib., 32 W., 610; Finch v. Ins. Co., 71 N. W., 1104; Ins. Co. v. Bronger, 12 Rep., 294; May on Insurance, sec. 195, 204; Ins. Co. v. Gividen, 13 Rep., 970.

7. A material misrepresentation avoids a policy at the election of the insurer after death or loss, though the loss or death did not result from the misrepresented fact. Brown v. Ins. Co., 53 N. E., 129; Ins. Co. v. Lee, 20 Rep., 839; Ins. Co. v. Thompson, 94 Ky., 253; Bacon on Benefit and Life Ins., vol. 1, secs. 209, 213; Ins. Co. v. Bronger, 6 Bush., 146; Joyce on Ins., vol. 2, sec. 925; 1 Marshall on Insurance, p. *453; 3 Kent's Commentaries, 5th ed., 282.

8. Where the court is requested to instruct the jury on any issue proper for submission, it can not refuse simply because the party requesting has not offered such instructions on the issue as can be given without modification, alteration or amendment. Civil Code, sec. 317, subsec. 5; Reading v. Metcalf, Hard., 535; Owings v. Trotter, 1 Bibb, 159; Clark v Baker, 7 J. J. M., 198; Yocum v. Polly, 1 N. Mon., 360; Railroad v. Johnson, 2 Rep., 225; Express Co. v. Singleton, 7 Rep., 296; Clark v. Turnpike Co., 7 Rep., 605; Swope v. Schafer, 9 Rep., 160; Heflin v. Auxier, 9 Rep., 535; Railroad v. Messer, 11 Rep., 486; Railroad v. Davidson, 12 Rep., 142; Railroad v. Bullins, 15 Rep., 752; Shank v. Stewart, 16 Rep., 159; Turner v. King, 98 Ky., 256; Railroad v. Hooe, 18 Rep., 522; Bank v. Henry, 20 Rep., 1506; Amer. & Eng. Ency. of Law, vol. II, 251, 253; Ency. of Pl. & Pr., vol. II, 231.

9. A suit at law can not be maintained on an original obligation compromised without treating the compromise as rescinded, which embraces a restitution of the consideration of the compromise. Westfield v. N. Y. Life, 58 Pac., 92; Titus v. Ins. Co., 97 Ky., 567; Railroad v. McElroy, 100 Ky., 153; Gould v. Bank, 86 N. Y., 75; Ins. Co. v. Howard, 111 Ind., 544; Ib., 13 N. E., 103; Brown v. Ins. Co., 117 Mass., 479; Coolidge v. Brigham,

Home Ben. Soc. of New York, &c. v. Muehl.

1 Met. (Mass.), 547; Railroad v. Hays, 82 Ga.; 558; Ib., 10 S. E., 350; Cobb v. Hatfield, 46 N. Y., 533; Kimble v. Cunningham, 4 Mass., 502; Doane v. Lockwood, 115 Ill., 580; Ib., 4 N. E., 500; Stevens v. Hyde, 32 Barb., 171; McMichael v. Kilmer, 76 N. Y., 36; Graham v. Meyer, 99 N. Y., 611; Baird v. City, 96 N. Y., 367; Tisdale v. Buckmore, 33 Me., 461; Camplin v. Burton, 2 J. J. M., 216; Gaither v. Carville, 29 Cal., 589; Estes v. Raynor, 75 Mo., 563; Bisbee v. Hamm, 47 Me., 543; Bigelow on Fraud, 73-4.

10. A foreign insurance company can not be subjected to the jurisdiction of the State courts by service of process on the Insurance Commissioner after it has ceased to do business in the State and has withdrawn all its agents. Ky. Stat., secs. 273, 631; Act March 10, 1870, sec. 35; Friedman v. Empire Life Ins. Co., decided by U. S. Cir. Ct. of Kentucky, Feb. 21, 1899.

CARUTH, CHATTERSON & BLITZ, FOR APPELLEE.

Our contention in this case is as follows:

1. That the burden of proof was on appellant, and it had the right to the closing argument to the jury which was accorded to its counsel.

2. Fraud is properly pleaded, the facts relied upon being set out, and the intention which is the material fact is abundantly proven. Ruffner v. Ridley, 81 Ky., 171.

3. Defects in the petition, if any, were cured by the answer, verdict and judgment, no demurrer having been filed to the petition. L. & N. R. R. v. Lawson, 88 Ky., 496; Aetna Ins. Co. v. Strickle, 3 Ky. Law Rep., 535; Chesapeake R. R. Co. v. Thurman, 96 Ky., 507; Kemble v. Taylor, 15 Ky. Law Rep., 334.

4. The instructions offered by appellant did not in any particular correctly state the law of the case.

5. The court was not bound to reform or modify the instructions offered, nor to instruct upon the whole law of the case. Nor to define what a material misrepresentation is when not asked to do so. Russell v. Cin. R. R. Co., 4 R., 906; Clark v. Baker, 7 J. J. Mar., 198; Owings v. Trotter, 1 Bibb, 159; Railroad v. Bellins, 15 Rep., 752; Shank v. Stewart, 16 Rep., 159; Turner v. King, 98 Ky., 256.

6. The instructions given present to the jury the sole material issue in the case. And the jury were bound under said instructions to decide whether or not the applicant for insurance had misrepresented himself in the application in order to find fraud or the absence of fraud in the obtaining of the receipt in full.

7. The voluntary payment of $547 upon a $2,000 contract under the circumstances recited was not a settlement or compromise of

the entire claim, and the receipt obtained was void because of the fraud practiced, and no consideration was given for the release of the larger part of the indebtedness.

8. The payment of a two thousand dollar indebtedness with five hundred and forty-seven dollars necessarily places upon the party so paying the necessity of establishing the *bona fides* of so shady a transaction.

9. There was no error committed on the trial of this case prejudicial to the appellant. Had he not been given the concluding argument, he would have been here complaining of that error.

10. The court had jurisdiction to hear and try this case. The defendant was given a fair trial; the jury was one of exceptional intelligence and justice was undoubtedly done.

11. The court will never reverse for errors not prejudicial to the party complaining.

12. It is necessary to allege in the plea setting up misrepresentations that such misrepresentations made were material, otherwise the plea is insufficient. No such allegation is made in the answer. John Hancock Ins. Co. v. Warren, 51 N. East., 546 (Ohio).

Opinion of the court by JUDGE DuRELLE—Reversing.

Appellant company insured the life of Charles F. Muehl, son of appellee, for $2,000, by a policy dated July 24, 1893, appellee being the beneficiary named in the policy.    He died in August, 1894.   On January 20, 1896, this suit was brought, seeking a recovery on the policy, but alleging a payment on account of the policy of $543.

The first question necessary to decide is as to the sufficiency of the plea to the jurisdiction.   Appellant company, a foreign insurance company, was at the time of the issuance of the policy doing business in this State, but in April, 1894, before this action was brought, ceased to do business here, and withdrew all of its agents.   It is contended that section 631 of the Kentucky Statutes (being section 94 of the act of April 5, 1893), applies only to suits brought against foreign insurance companies during the time they are engaged in doing business in the State.   The law as to

this matter, until the adoption of the act of April 5, 1893, is contained in section 35 of the act of March 12, 1870, which provided that no such company should transact any business in the State by an agent, 'unless it shall first file with the insurance commissioner a written instrument or power of attorney, duly signed and sealed, authorizing any and every agent that is or may be acting for such company in this State to acknowledge service of process for and in behalf of such company in this State, and consenting that service of process on any such agent shall be taken and held to be as valid as if served upon the company according to the laws of this or any other State; and in case any such company shall cease to transact business in this State, any such person who acts as such agent shall be considered and held as continuing to be agent for such company, for the purpose of process as aforesaid in any action against the company upon any policy or liability issued or contracted during the time such company transacted business in this State."    Section 631, before referred to, provides:  "Before authority is granted to any foreign insurance company to do business in this State, it must file with the commissioner a resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this State, or upon the commissioner of insurance of this State, in any action brought or pending in this State, shall be a valid service upon said company; and if process is served upon the commissioner, it shall be his duty to at once send it by mail, addressed to the company at its principal office."    The argument is that the provisions of the act of 1870 are repealed by section 273 of the act of April, 1893, which repeals all general laws relating to the matters treated of in the chapter providing for the creation and regulation of private corporations,

and that the provision in the act of 1870, continuing the agency of the company as an agency for service of process after the company has withdrawn from the State, is entirely absent in the act of 1893; that the act of 1870 continued such agency after withdrawal of the company only as to suits relating to contracts made in the State during the time the company did business here; and that if the agency of the insurance commissioner to be served with process as representative of the foreign company, under the act of 1893, is to be construed as continuing after the company's withdrawal from business in this State, it must follow, as there is no limitation upon such agency, that it extends not only to suits upon contracts made in the State, but to contracts made in other States.

A consideration of this question may be safely left until it arises. It is sufficient to say that the agency created by the act of 1893 is, in its terms, broader than that created by the act of 1870. The words of the later statute express no limitation. Whatever limitation shall be applied to it must be by implication. And when we consider the purpose of the act, it becomes clear that it would be frustrated by the construction contended for. There is no need of the right to serve process upon the insurance commissioner so long as the company has agents in the State, and we think the purpose of the section was to provide a means of obtaining service of process upon foreign companies which no longer had agents in the State, upon whom process might be served in suits upon contracts made in this State, whatever may be held as to suits upon contracts entered into elsewhere. We see no error in the action of the chancellor upon this question.

The appellant company answered the petition, denying that it had paid $543 on account of the policy, or otherwise

than in full settlement of its liability on the policy. The answer also pleaded false and fraudulent representations as to health and habits made in the application for the policy. It also pleaded a contract limitation of six months from the date of the death of the insured, and in a fourth paragraph set up a compromise made in good faith by the payment of $543 in full satisfaction of all liability on the policy.

By reply the appellee denied the charge of false representations in the application, and alleged that the discharge and release pleaded in the answer were obtained from her by false and fraudulent representations; and alleged that, upon the false representations by the company's officers, she, being an inexperienced and ignorant woman, relied, and executed the release, and had brought her suit as soon as she discovered the fraudulent practices and deceit by which it had been obtained. The latter part of the reply, pleading fraud in the obtention of the discharge, was demurred to, and, without waiving the demurrer, appellant moved the court to abate the action until appellee should restore the amount of money acknowledged to have been received in compromise.

There was also a motion to require appellee to elect whether she would sue on the cause of action set forth in the petition or the cause of action set forth in the third paragraph of the reply, as well as a motion to transfer the action to the equity side of the docket. The latter two motions seem to be based upon the theory that the reply set up an equitable cause of action for rescission of the contract upon the ground of fraud. This theory we think clearly untenable. It would seem clear that such a cause of action might have been set up by petition in equity, but equally clear that it has not been done in this case. A

reply is, in the first place, not the pleading in which a cause of action should be set up, and this reply seems to us clearly to have been, as to this matter, a pleading in confession and avoidance to that part of the answer which relied upon the compromise agreement. It admits the execution of the discharge, but pleads, in effect, that it was void because obtained by fraud.

This pleading is good as far as it goes. But does it go far enough? This question seems to us to have been answered in the negative by the decision and the reasoning in an opinon by Judge Paynter in Railroad Co. v. McElroy, 100 Ky., 153, (37 S. W., 844.) In that case McElroy sued the company for injuries received while in its employ. Two days after the accident a compromise agreement was made, the company paying $700 in settlement. To an action for damages the company pleaded the compromise and settlement. McElroy sought to avoid the compromise by pleading that it was obtained by fraud and false representation, while he was in a physical and mental condition which incapacitated him from understanding the purport of the contract. Said this court: "The general rule is that, when one has received money or property under a contract that is voidable for fraud or other reason, he must repay the money or tender the property before he is entitled to have the contract rescinded." Certain exceptions to this rule are stated, but none of them embrace a case like the one at bar. The opinion continues: "Either the company paid the money to avoid the risk of greater damage being awarded against it in the event of litigation, or it paid the money in the belief that the expense of the litigation, though it defeated a recovery, would amount to as much or more than the sum paid. It sought to buy its immunity from damages and expense of having the ques-

tion of its liability determined. It is not reasonable to suppose that the company would have paid the money if the right of the plaintiff still existed to maintain his action upon the original cause of action. There is no pretense that the company paid its money as a credit on its supposed liability. It paid it to extinguish its liability, if such existed. If upon the trial of the case the verdict had been for the company because the injury was not the result of the gross negligence of the foreman, or the party operating the engine, then the plaintiff would have the money, and the company the expense of the litigation which it sought to avoid, and the court powerless to enforce a return of the money. This statement illustrates the correctness of the well-recognized rule which requires a repayment or a tender of the money before bringing the action." See also Vandervelden v. Railroad Co. (C. C.), 61 Fed., 54; Railway Co. v. Hayes, 83 Ga., 558, (10 S. E., 350.) The reply in this case does not plead a return of the money or make a tender. Under the doctrine laid down in the McElroy Case, *supra*, we are of opinion that the second and third paragraphs of the reply are defective, and the demurrer should have been sustained.

As upon the return of the case the pleadings will doubtless present different issues, it is unnecessary to consider the question made as to the burden of proof. Nor is it necessary to consider the instructions, which will be conformed to meet the issues presented by the new pleadings. In view of the construction recently given to section 656, Kentucky Statutes, by the opinion in Society v. Puryear's Adm'r (decided last week), (59 S. W., 15), it seems proper that both sides should be permitted to amend their pleadings, if they so desire.

The judgment is reversed, with directions to sustain the demurrer to the reply, and for further proceedings consistent herewith.