## Johnston v. Metropolitan Life Insurance Company.

(Decided October 5, 1923.)

### Appeal from Boyd Circuit Court.

1. Insurance—False Statement as to Rejection by Other Companies Material, and Avoided Policy, Though Made in Good Faith.—A negative answer to a question in an application, "Have you ever applied to any life insurance company . . . without receiving exact kind and amount of insurance applied for?" was a material representation, and avoided the policy, where insured had previously applied for a certain kind of insurance to another company, and its issuance was refused, and in lieu thereof a less valuable policy with a larger premium was issued, and accepted by him, even though the negative answer was made in good faith, and without purpose to deceive, in view of Ky. Stats., section 639.

2. Insurance—Evidence Held Not to Show Knowledge of Agent of Rejection by Other Company.—Evidence held not to show that life insurance agent had knowledge of former rejection by another company of insured's application for a certain kind of insurance.

L. T. EVERETT, GEORGE B. MARTIN, JOHN F. COLDIRON and JOHN L. SMITH for appellant.

PRICHARD & MALIN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant, as plaintiff, filed this action against appellee on a policy of life insurance, in which she was designated as beneficiary, issued by that company on the life of her deceased husband.

Upon a jury trial a verdict was returned for the defendant, and from the judgment on that verdict this appeal is prosecuted.

Howard B. Johnston, appellant's husband, died in the spring of 1919. In 1916 he had applied for and received a $2,000.00 policy in appellee company, and in the fall of 1917 he was contemplating the taking out of additional life insurance. Accordingly Allen, the representative of appellee company, and Roe, the representative of the Reliance Insurance Company, each frequently importuned him to make application for insurance in their respective companies. He did make application through Roe to the Reliance Insurance Company on the 9th of October, 1917, for a policy of $2,000.00 in that company on the whole life non-participating plan, and the application was forwarded to that company's office at Pittsburg. The premium on that policy would have been $54.06 per year; but the company refused to issue such a policy, and issued in lieu thereof another and less valuable policy to Johnston, upon which the premium was $105.98 a year, the refusal to issue the policy applied for being because of unfavorable reports or information pertaining to the risk.

The policy issued, however, was delivered to and accepted by Johnston on the 18th or 19th of November, 1917.

On the 23rd day of November, 1917, Johnston made application through Allen to appellee company for a straight life policy in the amount of $2,000.00. The application was in writing and contained printed questions, and answers to those questions were written in the application by the agent of appellee at Johnston's dictation. On the 28th of November the policy was issued on that application and delivered to Johnston on the 5th of December thereafter, and Johnston gave his check for the yearly premium of $67.84.

Shortly after the delivery of the policy, and before the check for the premium had been cashed, the company received information which led it to seek a cancellation of the policy, and accordingly declined to cash the check and sought to have the policy delivered up to it. This Johnston declined to do, and when the next premium became due sent the company a draft for the second premium which it likewise declined to accept.

In this situation Johnston died in the spring of 1919, and this suit was instituted by the beneficiary in that policy.

The defense to the action is based upon alleged false statements made by Johnston in the answer to questions

in the application which were material to the risk, and upon the allegation that if said false answers had been truly given and the real facts disclosed to the company, it would not have issued the policy in question. The allegation is that in the application Johnston falsely answered "No" to the following question: "Have you ever applied to any life insurance company, order or association for insurance on your life without receiving exact kind and amount of insurance applied for? (If yes, give particulars.)"

The defense is also based upon an alleged false statement material to the risk, made by the applicant in writing to the medical examiner as to his use of intoxicating liquors. The question appears to be in the form of a recital or statement by the applicant as follows: "I do not use alcoholic stimulants or other liquors, except as here stated, and have never used them to excess, except," and opposite that is merely the word "No," and no exceptions whatever are stated.

Eliminating for the purposes of this opinion the latter question, we have reached the conclusion that on the ground first stated the appellee was entitled to the directed verdict for which it asked. The evidence shows without contradiction, that Johnston had, some four or five days before making this application in appellee company, received and accepted from the Reliance Insurance Company a policy of less value and of a different kind entirely from the one for which he had applied in that company, and at a much higher rate.

The evidence likewise shows, without contradiction, that the Reliance Insurance Company had refused to issue the policy applied for by Johnston on the ground that it had acquired unfavorable information pertaining to the risk.

It is not an open question in this state whether such a false statement as to rejections by other companies is material to the risk under the provisions of section 639 of our statute. That such a false statement is material to the risk and will avoid a policy which would not have been issued by the company if it had known of such former rejection, has frequently been held by this court, even though the answer was made in good faith and without purpose to deceive. Masonic Life Insurance Co. v. Robinson, 149 Ky. 80; Blenke v. Citizens Life Insurance Co., 145 Ky. 332; Western & Southern Life Insurance

Co. v. Quinn, 130 Ky. 397; Providence Savings Life Assurance Society v. Dees, 120 Ky. 285; Providence Savings Life Assurance Society v. Whayne, 131 Ky. 84.

But it is insisted for appellant here that the court erred to her prejudice in declining to give an instruction to the effect that even though the jury believed the answer and statement were made by deceased without intention to deceive or mislead the company, that if defendant or its agents knew at the time, or before the delivery of the policy, the statement was untrue, then they should find for the plaintiff. This contention is based upon the erroneous assumption there was evidence upon which to base it.

It is true appellee's agent, who took the application from Johnston, states that Johnston at the time mentioned the Reliance Life Insurance Company, and in that connection said something about their insurance being too high, but that was all he said; the witness nowhere says that Johnston made any statement to him about any rejection by the Reliance Company, or any refusal of that company to issue to him the kind of policy for which he applied. Another witness states that Allen, the appellee's agent, seemed to be "peeved" when he learned that Johnston had made an application to the Reliance Company for insurance, and seemed to think Johnston had promised to take the insurance from him, and that he should have done so.

Conceding, as this evidence appears to indicate, that appellee's agent did at the time he took Johnston's application know of his previous application to the Reliance Company for insurance, it does not follow he then had knowledge his application to the Reliance Company had been rejected, and that company had issued to him a different kind of policy at a higher rate. Knowledge of the rejection and of the refusal to issue the kind of policy applied for was the material thing, not whether he merely knew that Johnston had applied to that company for a policy of insurance.

This evidence in no sense brings home to appellee's agent the knowledge the other company had refused to issue such a policy as Johnston had applied for.

The jury having found a verdict which the court should have directed them to give, appellant cannot complain.

Judgment affirmed.