## Beattie et al. v. Friddle.

(Decided May 7, 1929.)

GIFFORD & STEINFELD for appellants.

ALLEN P. DODD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Laura Friddle is a widow of advanced age. Alice Mount Beattie is her niece, and when a young girl, had lived with her aunt. On account of her age, Mrs. Friddle desired to give up housekeeping, and negotiations with Mrs. Beattie resulted in an agreement by which Mrs. Friddle was to sell the home she then occupied and give the net proceeds thereof to Mrs. Beattie and her husband, to be applied toward the purchase of a suitable home, conveniently located, where Mrs. Friddle could have comfortable quarters. The contract was reduced to writing and provided: (1) That Mrs. Friddle should sell her place and turn over to Mr. and Mrs. Beattie the entire net proceeds received to apply upon the purchase

price of a suitable home to be occupied by the parties jointly. The Beatties were to provide the remainder of the purchase price, and the property was to be conveyed to them. (2) That during the remainder of her life, Mrs. Friddle should have suitable quarters in the new home, and board furnished her for $30 per month, payable monthly; but, in the event of illness, she was to pay her own doctor bills and nurse's bills. (3) That the money turned over to Mr. and Mrs. Beattie should be theirs absolutely, but during the life of Mrs. Friddle they agreed to pay her interest on the fund, at the rate of 4 per cent. per annum, payable in semiannual installments. (4) That if by reason of death or other circumstances, Laura Friddle moved away from the house or made other arrangements for her welfare, the interest charge was to continue, but the fund remained the property of the Beatties. If both of the Beatties should die, their heirs and administrators were obligated to pay the interest on the fund. Mrs. Friddle was well advised in the negotiation of the contract, and it was reduced to writing by a capable lawyer of her own selection. No question is made as to the fairness or reasonableness of the contract. Mrs. Friddle sold her property and turned over to Mr. Beattie the sum of $3,696, which was the net proceeds received by her for her home, except an item of $100, to be noticed later. A suitable place was purchased and Mrs. Friddle was assigned the best room in the house. No complaint in regard thereto was ever made. The interest for the first year was paid in two installments. When the interest for the second year became due, a controversy arose about an item of $100 which Mrs. Friddle had retained out of the proceeds of the sale of her house and lot. The contract called for the entire net proceeds. Mr. and Mrs. Beattie thought the $100 should be paid to them, and requested that the interest be credited with it. The request was refused. They tendered the interest for every year in accordance with the contract, and were not unwilling at any time to pay the interest. The consideration of $30 per month for board was paid for several months, and toward the end of the second year an additional $5 per month was paid, for three months, which is also the subject of controversy. Mrs. Friddle decided to leave and found other quarters, and since that time has refused to accept the interest, although it was offered to her.

This action was instituted by Mrs. Friddle against the Beatties to recover the entire fund on the ground that there had been a total breach of the contract. The allegations of the petition were traversed. The version of the transaction from the viewpoint of defendants was set up elaborately, and the case was transferred to equity. The proof consisted of the testimony of Mrs. Friddle and that of Mr. and Mrs. Beattie. The chancellor rendered a judgment in favor of Mrs. Friddle for $2,500, allowing the remainder of the fund to be retained as compensation to Mr. and Mrs. Beattie for their trouble and expense in performing the contract. Mr. and Mrs. Beattie appeal, insisting that the petition should have been dismissed. Mrs. Friddle has taken a cross-appeal, demanding the entire fund.

The breaches of contract complained of by Mrs. Friddle are that Mr. and Mrs. Beattie mistreated her and irritated her about the $100 after they had consented for her to keep it; that they sought to coerce payment of the $100 by holding it out of interest due her; that they had exacted of her $5 per month for board in excess of the contract price; and that they had abused her and ordered her to leave, rendering the further performance of the contract impossible.

The demand of Mrs. Friddle involves a consideration of the contract, and the principles that govern the remedy of rescission. She rests her right to relief upon the claim that the contract was broken, further performance thereby rendered impossible, and that the consideration had failed, which entitled her to a restoration of the money paid. Rescission of an executed contract for nonperformance or breach may be decreed in some instances. 13 C. J. p. 613, sec. 661. It is never allowed, however, for a slight or casual breach of the contract, but only for such breaches as are so substantial and fundamental as to defeat or to render unattainable the object of the parties in making the agreement. 24 Am. & Eng. Ency. Law, p. 644; Lewis v. New York Life Ins. Co. (C. C. A.) 181 F. 433, 30 L. R. A. (N. S.) 1202; Buffalo & L. Land Co. v. Bellevue Land & Imp. Co., 165 N. Y. 247, 59 N. E. 5, 51 L. R. A. 951. In some cases the breach may be of such complete character as to justify the conclusion that there never was any intention of performance, which constituted fraud at the inception of the contract, affording a just basis for rescission. 4 R. C. L. p., 509, sec. 22.

Here it is not proven that appellants breached the contract at all. The evidence is in direct conflict. The trivial disputes that arose were insufficient to justify either party in resorting to action so drastic. But conceding justification to Mrs. Friddle for all that she did, no cause exists for a rescission of the contract. The provision of the contract as to room and board at a fixed charge was separable from the covenant of the Beatties to pay interest on the fund turned over to them. By making other arrangements for her room and board, Mrs. Friddle was relieved of the obligation to pay $30 per month, but the appellants were still bound to pay interest semiannually at the rate of 4 per cent. per annum on the $3,696. In the absence of a showing that the new arrangement is more expensive than the old, no damage to Mrs. Friddle is apparent. The appellants have the burden of maintaining a larger and more expensive establishment than desired, but they may be able to minify the loss by renting the surplus space. It is clear, however, that Mrs. Friddle did not obligate herself to stay, and under the contract it was optional with her to stay or go at any time.

There are other reasons which preclude the appellee from the relief sought by her. Rescission of a contract even for a substantial breach thereof may not be decreed if the position of the parties has been changed so that the former status may not be restored. 23 C. J. p. 215, sec. 52; 13 C. J. pp. 619, 620; Morris v. McDonald, 195 Ky. 722, 245 S. W. 903; Pollack on Contracts, 621; Louisville & N. R. Co. v. McElroy, 100 Ky. 153, 37 S. W. 844, 18 Ky. Law Rep. 730; Shields v. Lewis, 49 S. W. 803, 20 Ky. Law Rep. 1601; In re Morgantown Tin Plate Co. (D. C.) 184 F. 109; Home Benefit Society v. Muehl, 109 Ky. 479, 59 S. W. 520, 22 Ky. Law Rep. 1378.

In Kauffman v. Raeder (C. C. A.) 108 F. 171, 54 L. R. A. 247, a full consideration of this question, with an exhaustive analysis of the authorities and the reasons upon which the rule is rested, may be found. It is not contended that the situation of the appellants could be restored, and that fact is fatal to the contentions of the appellee. Another obstacle in her path is presented by the principle that the breach of contract is not ground for its rescission where the contract itself provides what the consequences shall be in such a contingency, which was contemplated by the parties. 13 C. J. p. 613.

The fourth paragraph of the contract here involved provided that if Mrs. Friddle made other arrangements for her welfare, or if any circumstances required her to reside away from the home of appellants, the latter were yet required to pay interest on the fund, and it remained their property. It was the duty of the appellants to pay the interest, which duty they fully recognized, but performance was prevented by the action of the appellee in refusing to accept the interest when tendered. It is clear that appellee manifested no right to relief and her petition should have been dismissed. It follows that the judgment will have to be reversed on the appeal, and affirmed on the cross-appeal.

The judgment is reversed, with directions to dismiss the action.