## C. C. Leonard Lumber Co. v. Reed et al.

February 23, 1951.

Holland G. Bryan, Judge.

Wheeler & Marshall for appellant.

David R. Reed for appellee.

JUDGE LATIMER—Affirming.

Appellee, Roscoe Reed, sought and obtained cancellation of a deed conveying his lumber yard together with all machinery, tools, office equipment, fixtures, supplies, trucks, and other personal property situated on the premises and used in connection with his lumber business. It appears that Reed for many years prior to the execution of the deed operated a retail lumber business and had become involved in financial difficulties to the point of apparent insolvency. In December 1945 in order to extricate himself from these difficulties and for the apparent mutual interest of both parties, Reed and his wife executed the deed above.

As explanatory of the consideration, they simultaneously entered into a contract with the grantee. The consideration may be divided into three parts. 1. The grantee agreed to pay bills due on mortgages against the property and any amounts due on account of taxes and special assessments. 2. Issue to Helen R. Reed, wife of Roscoe Reed, 25 percent of the capital stock of the grantee or a total of 60 shares; but explanatory of that, it was stated that only 30 shares of stock had been issued by the first party and that as soon as any additional stock is issued, ¼ of the same will be issued to

Helen R. Reed until 60 shares of stock have been issued to her. 3. Commencing on January 1, 1947 Roscoe Reed was to be employed by grantee in grantee's office at a salary of $200.00 per month.

Apparently the C. C. Leonard Lumber Company, at least in a measure, carried out its responsibility under one above by paying the creditors or by composition. No great deal of complaint is made about provision 2 above although it is alleged in the petition that the C. C. Leonard Company has failed and refused to issue the 60 shares of stock as agreed. The chief complaint centers around 3 above. Reed charges that the C. C. Leonard Lumber Company has breached an important part of the consideration in its failure and refusal to employ him pursuant to the contract above.

Ordinarily rescission of an executed contract for nonperformance or breach will not be allowed for a slight or casual breach of the contract. It will not be allowed even for substantial breach unless the former status of the parties can be restored. See Beattie v. Friddle, 229 Ky. 361, 17 S.W.2d 246.

Upon the question of restoration we are not particularly concerned since the Chancellor's judgment with respect thereto has substantial support in the facts. The court disposed of that question in this language.

"Helen R. Reed, having tendered to defendant, C. C. Leonard Lumber Company, her shares of capital stock:

"IT IS ORDERED AND ADJUDGED that she is divested of ownership thereof and same is owned by C. C. Leonard Lumber Company.

"THE COURT FINDS AND ADJUDGES that the reasonable rental value of and rents collected on the above described property is equal to the indebtedness assumed and paid by defendant, and each is set off against the other."

The serious question presented to us is whether or not there was such a breach of the contract of employment as to justify a rescission.

We note the pertinent wording of the contract: "In further consideration of the conveyance of said real and personal property, it is agreed that on January 1, 1947

Roscoe Reed, second party, will be employed by first party in first party's office at Paducah, Kentucky, at a salary of Two Hundred ($200.00) Dollars per month.''

The above is all that is said in the contract concerning the employment of Reed. No mention is made as to the duration of the employment.

It is now necessary that we examine the admission of extrinsic evidence to explain the contract. The Chancellor permitted a former employee of the plaintiff and later an employee of defendant to testify as to a conversation between plaintiff and defendant before the contract was entered into, the substance of which was that it was understood and agreed that if Reed and wife would make the conveyance, Reed would be employed at $200.00 per month by the Leonard Lumber Company as long as Reed was able to work.

It is contended by appellant that this evidence was clearly incompetent and should not have been heard to vary the terms of the writing.

Appellant advances and relies on the familiar principle of law that under so-called parol evidence rule, any agreement made prior to or contemporaneously with a written contract must be included in the writing to be considered a part of the contract, and that all agreements must be merged in the writing. See Ross Seed Co. v. Sturgis Implement & Hardware Co., 297 Ky. 776, 181 S.W.2d 426.

Our attention is called to Bullock v. Young, 252 Ky. 640, 67 S.W.2d 941, 946, wherein we said: ''Every contract must stand as written, in the absence of a plea of fraud or mutual mistake, until reformed on proper pleading and clear and convincing evidence.''

Appellant contends that the proper remedy would necessarily be by way of a pleading to reform the contract to express the intent of the parties, and that since there was no such pleading here, and since the contract does not appear to be ambiguous on its face, parol or extrinsic evidence cannot be introduced to vary its terms.

The last sentence in KRS 371.010 reads: ''The consideration need not be expressed in the writing, but it may be proved when necessary or disproved by parol or other evidence.'' KRS 371.030 provides: ''The consid-

eration of any writing, with or without seal, may be impeached or denied by pleading verified by oath.''

Our later decisions are consistent in showing that it was not the intent of the legislature to do away with the parol evidence rule with this statute. Most of the cases under this statute involve an explanation of the nominal consideration stated in deeds. Under a broad interpretation, as is pointed out in several of the cases, consideration can be taken to mean any term of the contract. The parol evidence rule is very salutary and one of the foremost rules making for certainty in the law of contracts. To do away with it under a very liberal construction of this statute would have a very disastrous result. No written contract would be certain and under the guise of proving consideration all sorts of added bargains could be brought before the court.

In McNeill's Adm'x v. Riley et ux, 256 Ky. 170, 75 S.W.2d 1068 it was held that true consideration of deed may be shown by parol without allegation of fraud or mistake although it contradicts written instrument. We have a number of cases dealing pro and con with the question of parol evidence as being competent to vary the terms of a written contract. Drane v. Louisville Ry. Co., 279 Ky. 490, 131 S.W.2d 439; Apple et ux. v. Mc-Cullough et ux., 239 Ky. 74, 38 S.W.2d 955; Hazelwood v. Woodward, 277 Ky. 447, 126 S.W.2d 857; Ashland Oil & Refining Co. v. Dorton, 300 Ky. 385, 189 S.W.2d 394; Castleman-Blakemore Co. v. Pickrell & Craig Co., 163 Ky. 750, 174 S.W. 749; Wilson et al. v. Mitchell et al., 245 Ky. 55, 53 S.W.2d 175; McKenna et al. v. Culton, 258 Ky. 333, 80 S.W.2d 13; Johnson v. Johnson, 297 Ky. 268, 178 S.W.2d 983.

It will be noted, however, that each of the above cases rests upon the particular facts and circumstances of the individual case. The cases holding to the contrary can be easily distinguished from the instant case on the facts.

Let us look again at the whole picture. We have a deed conveying a lumber yard, fixtures and other personal property used in the business. As a consideration for that conveyance we have, first, an agreement to pay the indebtedness of the grantor, which was done in part although the rental on the property equaled to or was

in excess of the indebtedness so paid. Second, the grantee as to issue to the wife of grantor ¼ of the stock of the grantee company not to exceed 60 shares. The grantee did issue 30 shares of stock. Third, the grantee was to employ the grantor in its lumber business at a wage of $200.00 per month. In fact the grantee had leased the whole of its property for a period of five years with a lessee's option to purchase the property. Grantee had apparently put itself in a position so that it could not perform its contract of employment.

There is conflict in the evidence as to what actually happened about the employment of Reed. At any rate the grantee took the position that the contract for employment was terminable at will since no mention was made as to the duration of employment. Let us see then what we have if appellant is correct. Pursuant to the contract of employment appellant could have hired Reed on January 1, 1947 and have fired him the following day or could have hired for one month only and terminated the contract. All that appellant says relative to varying the terms of the contract by parol agreement would be true if this were merely a contract of employment.

Let us look again at the contract: "NOW, THERE-FORE, in consideration of the premises, and in order to state the actual consideration for the conveyance of the real estate and personal property described in said deed, it is agreed:"

Following the above and appearing as second paragraph is the employment agreement heretofore set out.

It will be noted that this contract is not merely a contract of employment but founded on a consideration extending beyond the services called for under the contract. It goes to a very substantial part of the consideration for the conveyance of the lumber yard and the personal property and takes on the characteristics of monetary consideration.

We think the court under the facts properly admitted the parol evidence, not as a guise, but as a proper method of ascertaining the true consideration for the deed of conveyance. Under the facts and circumstances herein we think the court properly adjudged the whole matter.

The judgment is affirmed.